NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

THOMAS DEWEY BRABAND, *Petitioner*.

No. 1 CA-CR 26-0036 PRPC

FILED 08-13-2026

Petition for Review from the Superior Court in Mohave County
No. CR2023-00975
The Honorable Derek Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Jacob Cote
*Counsel for Respondent*

Thomas Dewey Braband, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Andrew Gaona joined.

---

**F U R U Y A**, Judge:

¶1        Thomas Dewey Braband seeks review of the superior court's dismissal of his second post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 33.1. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In August 2023, the Mohave County Sheriff's Office received a 911 call from a female claiming that her husband planned to kill her and gave her address in Golden Valley. When the sheriff's deputies arrived at the address, they heard a gunshot. The wife exited the building and was rescued by the deputies. She told the deputies that her husband was armed and wished to commit suicide by cop. Braband began firing at the two responding deputies. SWAT arrived and entered the home after subduing Braband with non-lethal force.

¶3        A grand jury indicted Braband with several dangerous felonies. Braband and the State participated in a settlement conference and reached a plea agreement. Under the plea agreement, Braband would plead guilty to two non-dangerous counts of attempted aggravated assault against the two responding deputies and would receive a stipulated sentence totaling 10 years' incarceration. After verifying that Braband understood the constitutional rights he waived by executing the agreement and the agreement's 10-year stipulation, the court accepted the agreement. The court sentenced Braband to 10 years' imprisonment as stipulated.

¶4        Braband filed a timely PCR notice. The court appointed counsel for Braband, who filed a completion notice stating she could not find a colorable claim to present to the court. The court allowed Braband to file a pro se PCR petition, but he failed to do so, and the court dismissed the PCR proceeding. Braband did not seek review of the dismissal.

2

**¶5** Braband filed a successive PCR notice. In the notice, Braband stated that he was filing a claim under Rule 33.1(a), but did not claim that his prior PCR counsel was ineffective. As justification for why the court should accept the successive notice, Braband explained that he was advised by counsel not to file "because he had no valid grounds since he had signed a plea agreement." For the claims not subject to preclusion under Rule 33.2—sentence not authorized by law or the plea agreement, newly discovered material facts, and significant change in the law—Braband asserted that he had only recently discovered the basis to support the claims. Braband asked for the appointment of counsel to represent him in the successive proceeding. The superior court dismissed the notice for failing to state a colorable claim.

**¶6** Braband petitioned this court for review, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 13-4239(C) and Rule 33.16.

## DISCUSSION

**¶7** In his review petition, Braband raises these claims:

1. Does the equal protection clause of the state and federal constitutions apply to Braband?

2. Does *State v. Traverso*, 260 Ariz. 409 (2025) apply in this case?

3. Does the dismissal of the PCR notice violate due process?

The thrust of Braband's claim is that he found news articles revealing that in a case from Maricopa County, the State had offered Charles Ryan, former Department of Corrections director, a plea agreement of supervised probation for the same type of conduct that he had engaged in. And that the disparate treatment between his case and Ryan's case violated equal protection.

**¶8** "We review the superior court's denial of post-conviction relief for an abuse of discretion, but review the interpretation of the Arizona Rules of Criminal Procedure *de novo*[.]" *State v. Macias*, 249 Ariz. 335, 339 ¶ 8 (App. 2020) (citations omitted). A defendant must strictly comply with the PCR rules to be eligible for relief. *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005). When the superior court commits an error of law or fails to investigate the facts supporting its decision adequately, it constitutes an abuse of discretion. *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017). Braband

bears the burden of proving that the superior court erred. *State v. Reed*, 252 Ariz. 236, 238 ¶ 6 (App. 2021).

## I.   Braband Has Not Set Forth a Facially Valid Claim For Relief Under the Equal Protection Clause.

**¶9**      A voluntarily entered plea agreement waives all non-jurisdictional defects before the entry of the plea, including "deprivations of constitutional rights." *State v. Flores*, 218 Ariz. 407, 409–10 ¶ 6 (App. 2008); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (stating "a guilty plea represents a break in the chain of events which has preceded it in the criminal process" and a criminal defendant may not later "raise independent claims relating to the deprivation of constitutional rights" that antedated the plea).

**¶10**      By entering into the plea agreement, Braband waived the claim that it violated equal protection to give a similarly situated defendant a better plea agreement. Braband could only raise a claim that "the sentence as imposed is not authorized by law or by the plea agreement[.]" Ariz. R. Crim. P. 33.1(c). While Braband checked the box in the PCR notice that he was raising a Rule 33.1(c) claim, he made no substantive argument about that issue. Nor could he. The plea agreement stipulated to 10 years' incarceration, well within the statutory range for the two crimes for which he pled guilty. *See* A.R.S. §§ 13-701, -702.

**¶11**      Assuming Braband did not waive the equal protection argument by entering into his plea agreement, the argument still fails. "[T]here is no constitutional right to [a] plea bargain[.]" *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Prosecutors have discretion in their law enforcement decisions, and "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles*, 368 U.S. 448, 456 (1962). And a court may not "order the State to offer a plea agreement entirely of the court's concoction" because "[s]uch a holding would surely violate separation of powers." *State v. Donald*, 198 Ariz. 406, 417 ¶ 40 (App. 2000).

**¶12**      Braband's claim that the Equal Protection Clause applies to plea bargaining would go far beyond any precedent on which he relies. And Braband has not shown that his case fits within the bounds of other restrictions on the prosecutor's control of whether to offer a plea bargain, such as animus toward defense counsel. *See id.* at 417 ¶ 39 ("[T]he courts may intervene to reinstate a plea offer that the State has withdrawn for vindictive reasons."); *see also State v. Martin*, 139 Ariz. 466, 481 (1984) (stating prosecutor may not refuse to plea bargain "solely because

4

defendant has selected a particular defense counsel"). Thus Braband has not shown that the Equal Protection Clause applies here.

¶13        Moreover, even if the Equal Protection Clause applied to the State's decision not to offer a similar plea agreement to him, not every situation in which the State treats different individuals differently constitutes an equal protection violation. *Big D Constr. Corp. v. Court of Appeals*, 163 Ariz. 560, 565 (1990). Unless a governmental action "limits a fundamental right or affects a suspect class," it is subject only to rational basis review. *Id.* at 566 (citation modified). And as noted, there is no right to a plea bargain, let alone a fundamental right. *See Weatherford*, 429 U.S. at 561.

¶14        And Braband has not alleged that he has been treated differently because of his membership in a recognized suspect class, only that former director Ryan was a government employee. *See Church v. Rawson Drug & Sundry Co.*, 173 Ariz. 342, 349 (App. 1992) (defining suspect class as "one which has historically suffered from discrimination, such as race, nationality or alienage"). Braband's claim would be subject only to rational basis review. *See Big D Constr. Corp.*, 163 Ariz. at 566.

¶15        Under a rational basis review, the burden is on the challenger of an official action to show that no conceivable basis exists for the act. *Martin v. Reinstein*, 195 Ariz. 293, 309–10 (App. 1999). Assuming for the sake of argument that former director Ryan's case is similar to the facts here, that still does not explain the strengths and weaknesses of the two cases and why the State would offer such a plea bargain in one case, but not the other. At bottom, whether it was a wise or prudent exercise of executive discretion to make the inconsistent offers is not for a court to decide. *See Harrison v. Laveen*, 67 Ariz. 337, 344 (1948) ("[D]etermining what is 'good public policy' is for the executive and legislative departments and . . . the courts must base their decisions on the law as it appears in the constitution and statutes."); *State v. Maloney*, 105 Ariz. 348, 354 (1970) ("Persons convicted of the same crime can constitutionally be given different sentences.").

¶16        The claim as presented is facially invalid.

## II.    *State v. Traverso* **Does Not Apply Here.**

¶17        Braband claims that *State v. Traverso* was a significant change in the law that entitles him to a successive PCR proceeding and requires a sentencing "in equipoise to the Ryan sentence." Braband is wrong on both assertions.

**¶18** In *Traverso*, our supreme court held that the plain language of Rule 32.2(a)(3) "now instructs courts that defendants are precluded from relief for grounds waived in prior proceedings *unless* 'the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant.'" 260 Ariz. at 416 ¶ 28. An equal protection claim does not require a personal waiver by a defendant. *See State v. Herrera*, 121 Ariz. 12, 14 (1978) (waiving equal protection claim because defendant failed to raise it on direct appeal). By not raising the equal protection claim in his first PCR proceeding, Braband waived the claim. And, as stated above, it is meritless.

### III. The Superior Court Did Not Abuse Its Discretion by Dismissing the Notice Without Appointing Counsel and Holding a Hearing.

**¶19** Braband maintains he was entitled to counsel and an evidentiary hearing on his equal protection claim.

**¶20** Under Rule 33.5(a), for non-capital cases, the court must appoint counsel for an indigent defendant upon the filing of a timely first notice under Rule 33.4 and if requested. Likewise, the court must appoint counsel for an indigent defendant if he or she files a timely notice after the first PCR proceeding stating he or she wants to raise a claim of ineffective assistance of PCR counsel from the first action. *State v. Mendoza*, 249 Ariz. 180, 185 ¶ 14 (App. 2020). But for the filing of all other Rule 33 notices—i.e., successive notices—the court "*may* appoint counsel for an indigent defendant." Ariz. R. Crim. P. 33.5(a) (emphasis added). The use of "may" rather than "must" makes clear that appointment of counsel in successive Rule 33 non-capital PCR proceedings is discretionary, not mandatory, unless the defendant is claiming ineffective assistance of counsel in the first PCR proceedings. This discretion is because defendants generally have no constitutional right to counsel in PCR proceedings. *State v. Escareno-Meraz*, 232 Ariz. 586, 587 ¶ 4 (App. 2013).

**¶21** Except for mandatory appointment, the superior court does not abuse its discretion by declining to appoint counsel if the PCR notice is "facially non-meritorious[.]" *State v. Harden*, 228 Ariz. 131, 134 ¶ 11 (App. 2011). On the second PCR notice, Braband did not check the box confirming that he wished to raise a claim of ineffective assistance of counsel in his first PCR proceeding. And as we have explained, the equal protection claim is facially non-meritorious. The superior court did not abuse its discretion by declining to appoint counsel and dismissing the PCR proceedings without a hearing.

**CONCLUSION**

¶22         We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR